CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 15 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PRAVEEN KUMAR MANDANAPU, | ) | |
| Plaintiff, | ) | Civil Action No. 7:07cv000219 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| R. MATTHEWS, et al., | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Praveen Kumar Mandanapu, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Mandanapu alleges that the defendants failed to provide him with a Hindu religious book and failed to promptly respond to his grievance form. As relief, Mandanapu requests $500,000 in damages and injunctive relief "ordering the jail to respect inmates' religious rights and address grievances promptly." Upon review of the record, the court finds that Mandanapu did not fully exhaust his administrative remedies before filing this action and, therefore, the court dismisses his action without prejudice pursuant to 42 U.S.C. § 1997e(a).

I.

Mandanapu alleges that on January 18, 2007, when he was transferred to Albemarle Charlottesville Regional Jail ("ACRJ"), the intake officer took Mandanapu's hardbound Hindu religious book away from him and informed him that jail policy did not allow inmates to have hardbound books in their personal possession in the living quarters or cell blocks. The officer also allegedly told him that the jail would provide him with a softbound copy of his book or comparable book, conditioned on approval from the jail chaplain and "jail authorities." Mandanapu suggested an acceptable equivalent and the officer noted it in the computer information system. The officer

then suggested that Mandanapu speak to the chaplain about his religious needs. Mandanapu spoke with the chaplain and expressed his need for a Hindu religious book, arguing that he needs his religious book to perform his religious prayers and chores. After a few days had passed Mandanapu inquired as to the status of his softbound book and was informed that the "superior jail authority" needed to decide the matter. Mandanapu alleges that followers of other religions, such as Christianity and Islam, have their religious books provided to them "almost immediately" upon request. On February 2, 2007, Mandanapu filed a grievance requesting that his matter be addressed and that he get his book. Having received no response by February 15, 2007, Mandanapu filed the instant complaint on February 16, 2007.[1] In response to the court's conditional filing order directing him to show exhaustion of his claims, Mandanapu provided copies of the grievance forms which indicate that his grievance was responded to on February 16, 2007 and that he appealed the response on the same day. The forms also indicate that the appeal was responded to on February 23, 2007 and on the same day, Mandanapu expressed that he was not happy with the resolution of his claim, but that he wished to stop the grievance at that level, rather than appeal it to the Superintendent. In their response, the institution also provided the names of two Hindu Temples in Virginia that Mandanapu could contact himself with regard to obtaining a softbound copy of his religious book.

## II.

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532,

---

[1] Mandanapu initially filed his case in the Eastern District of Virginia, however, the Eastern District transferred the case to this court on April 26, 2007.

535 (7th Cir. 1999) (holding that an inmate's complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (4th Cir. 2005). In his complaint, Mandanapu concedes that he filed this action before receiving a response to his grievance form. Furthermore, copies of grievance forms that Mandanapu provided the court in response to the conditional filing order clearly demonstrate that jail authorities did in fact respond to his grievance and that Mandanapu did not appeal his grievance to the highest level of the institution's grievance procedure before he filed the instant complaint. Accordingly, the court finds that Mandanapu's claim was not fully exhausted prior to filing the instant action.

## II.

For the reasons stated, Mandanapu's petition is dismissed without prejudice pursuant to §1997e(a) for failure to exhaust.

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 15th day of June, 2007.

United States District Judge

3

Case 7:07-cv-00219-SGW-mfu    Document 14    Filed 06/15/07    Page 3 of 3    Pageid#: 53